The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Thomas M. Harris presiding. Good morning, counsel. We're on the record in case number 4-24-0432, Caleb Westerman v. Junior's Auto Mart, LLC. Counsel, could we have appearances for the record? First for the appellant. Yes, good morning, members of the panel. My name is Dmitry Fyofanov. I represent the plaintiff. All right, and for the appellate? Good morning, Nicholas Huffman on behalf of Appellate Defendant, Junior's Auto Mart. Okay, thank you. Mr. Fyofanov, you may proceed with your argument. Thank you, Your Honor. I have a short presentation after which I will stop and invite the panel to ask any questions if the panel so desires. The main issue in this case is the applicability of the implied warrants of merchantability under the code. And it is determined by a document that is submitted as appendix number 34 in the appendix, and that is called a buyer's guide. So if the panel looks at document number 34, it will see that it is the federally mandated form called the buyer's guide with the implied warranties box checked. Let me circle back and say one thing about implied warranties under the code. Implied warranties under the code is a default. In order to get out of the default, you have to disclaim them. So in the buyer's guide that is part of the record, there are no disclaimers of any implied warranties. Therefore, we argue all implied warranties, having not been disclaimed, are present in the transaction. Implied warrants of merchantability, implied warrants of particular purpose, common law implied warranties, I did not know they existed, but apparently they do. And so that kind of ends the argument. Wait a minute, Dmitry, you will say, what about disclaimers of implied warranties in other contractual documents? Indeed, there is a disclaimer of implied warranty in another document, which is appendix document number 18. And there are two problems with this. One, it's not conspicuous, but it's not really even important. What is important is that under the contractual language in the second from the bottom paragraph on that document, everything inconsistent with the buyer's guide is overridden. That's the statutory language. That language comes from the used car rule, section 455.3 or .4, I forgot. And so we have an inconsistency here. We have a buyer's guide, which has no disclaimers, and we have a bill of sale, which has a disclaimer. That disclaimer is overridden. Its legal nullity doesn't exist as a matter of law under the used car rule. In essence, members of the panel, as opposed to the general rule in Illinois, which does not have a single document rule and instead says that contract usually consists of, you know, all documents that pertain to the same subject matter. In car cases, in used car cases, under federal law, we do have a single document rule, and that single document is buyer's guide, and it prevails over everything else. And that is why the implied warrants of merchantability, by default, is there, because there is no disclaimer. That's it. There are other issues in this case. They were addressed extensively in the party's briefs, and I'm not going to regurgitate for you what was written there. And therefore, I kind of conclude what I had to say. And if, to the extent the panel has any questions. I do counsel. Thank you. Thank you very much for your summary. So, if I understand your argument in your brief in the summary this morning. It is certainly correct me if I'm wrong that the sale documents do fail to disclaim the warranty in 314, the warranty of merchantability, because the buyer's guide. Which refers to multiple warranties overrode the contrary language in the bill of sale. In other words, the buyer's guide refers to multiple warranties. And the UCC warranty, which does have a statute of limitations of 4 years. Was not disclaimed. Is that correct? That is correct. Let me let me let me make 1. Correction on the. Okay. And then I have a follow up question. Go ahead. It is not technically. Correct to say that a certain document lists or doesn't list implied warranties. They implied they are they are there by virtue of the UCC. You don't need to list them. You don't need to name them. They are there. What needs to be done is if they are not going to be there, they need to be disclaimed. And your honor is correct. The buyer's guide, which is the operative document in the in the transaction contains no disclaimers. Therefore, the implied warranties, they could have not mentioned implied warranties at all. As long as they are merchants and they deal with the goods of that nature, implied warranties are implied. They are there. The only time you need to have any kind of writing is when you want to get out of the default and you want to disclaim them. All right. Now, when talking about these issues, we're focusing on counts 1, 2 and 3 and the 619 motion that was made. Correct. Counsel, that is correct. And the authority that you rely on in your brief for your position is the Lamb right case. The first district 2023 case. Correct. That's what you rely on. That is one of the other ones. The other one was Jackson. There is an adverse. However, did you not personally, as the attorney in a different case, raise the same argument, the case being the Martinez versus Prestige Imports Inc. Out of the second district. And didn't the second district reject your argument? Yes, they did. OK. And it was actually a police who made a motion to cite additional authority here. Correct. That decision was came out in September of this year. It became final a couple of days ago. We did not object to it. Actually, it was my intention to bring a motion to the court, but they beat me to it. There will be. And in that case, our case is really on all fours with the facts of that Martinez case, is it not? And certainly is distinguishable from the facts in Lamb, right? We've got in. Martinez, the buyer's guide there included an X next to the implied warranties only option and no X appeared next to the dealer warranty option. And also similar to Martinez, the only warranty discussed in the sales documents, that is the bill of sale and the. Limited power train warranty was the warranty consistent with the section 2. L. Regarding the vehicles power train, so our situation is the same. So if you would. Explain to this court why we should not follow the Martinez case instead of the Lamb right case, which, of course, is a rule 23 and does not have precedential value. Yes, actually, there is, except for reasoning in there, but certainly not as any precedent understood. Yes, there is, of course, another case that I cited, which is an older case, which is called Jackson. It stands for the same general proposition, although not specifically facts of this case. My answer to your honor is a very simple one. I already touched upon it. The second district committed the fundamental error in understanding the implied warranties. If you read their opinion from above, what they're saying is that, well, they say a couple of things. First of all, they say that under the plain reading of the text, the statement implied warranties means a warranty. Some plain reading, I would say, but that's not even the important part. The important part is that they got it backwards. They say that the implied warranty in the Martinez case, the UCC implied warranty was not listed there, and therefore it's not there. That is not the way implied warranties work. They don't have to be listed. They are implied by law. Therefore, their reasoning and everything that flows from that is just fundamentally wrong. The implied warranties don't have to be listed. They don't need to be mentioned. What needs to happen is that they need to be disclaimed. And the buyer's guide in both cases had no disclaimers. No disclaimers means implied warranties apply. Well, but you use the language in the buyer's guide stating that implied warranties plural may give the buyer's rights in order to sustain or support your argument. But I think Justice Burkett's point was that the first district in Lambright overlooked specifically the plain language, the word may. And if you look at what boxes are checked in both of these cases, ours is more similar to Martinez. And specifically, as I had mentioned, there's no X in front of the dealer warranty option. I don't know how we can read that into those facts. So Martinez also the buyer's guide had only the implied warranties box checked and the systems covered portion of the guide included a citation to the public act related to section the 2L warranty. So, again, this isn't exactly what was argued, certainly in the briefs. And I'm not sure how we get past the interpretation that Justice Burkett gave to the language that you were using, certainly in your argument. I can answer that question if you would like me to do so. Yes, go ahead. Okay, so the reference to the word may is a misapplication, misidentification of an issue. It is irrelevant. The relevant issue is whether or not there is a disclaimer of implied warranties. If there is not, implied warranties apply. Now, with respect to may, that actually there was a problem with their reading of the word may, even though I maintain that is not the issue before the court, should be the issue. The court noted that the term indicates permissiveness, but overlooked that it can also express ability, contingency, liability, or possibility or probability. I actually have a case about that. United States versus Lexington Mill and Electric Company, United States Supreme Court from 1914. In other words, it is possible that state law give you implied warranties. It all depends on state laws, and Illinois has just such a law called the UCC. Also, the court in Martinez interpreted may in favor of the drafter, while at best the provision is in question is ambiguous. And I looked at the dictionary of law. It turns out that the word may, depending on context, may be mandatory. And there is a Seventh Circuit case on point called United States versus Cook. But that is tangential. The real question is whether the implied warranties were disclaimed. Now, your honor brought up the reference to the 2L warranty in the power train, which has the shorter statute of limitations. 15 days for it is true. It is mentioned there. It's emphasized there. But it doesn't mean that as a disclaimed, as implied warranties are disclaimed. It's a fundamental point of the UCC article, too, that implied warranties arise and they must be disclaimed if they're not there. You may mention 2L. You emphasize it. You bring people's attention to it. But that does not follow at all that the other warranties disclaimed. Jackson addressed that. Warranties are cumulative. But I think the main point that I would like to make here is that the Martinez case committed the fundamental error in presuming that implied warranties must be listed, stated, mentioned. They are not. They are implied. What needs to be listed is a disclaimer. Are you saying that that was done in Lambright? That was part of their analysis? No, I think the part of the Lambright analysis was that the warranties are cumulative and that the plain reading of the buyer's guide, which references plural warranties, leads one to believe that there is more than one warranty. I'm sorry. You cannot have plain reading of the text, which says warranties in plural, to mean a warranty. It just does violence to the English language. One is plural and another is singular. There's nothing plain reading about it. They cannot get out of this conundrum. But the biggest the legal issue that I harp on over and over and over is that they have a fundamental misunderstanding of implied warranties. They think that similarly to express warranties, which indeed must be referenced, implied warranties also must be referenced. They're not. They are implied. They arise out of out of Springfield. And it's a default. So moving on to I'm sorry. Go ahead. And you want to finish your sentence. My sentences. They are out in the thin air. You must mention it. You must make a disclaimer if you don't want them. If there is no disclaimer, and the disclaimer in this case is invalid, implied warrants is attached. That's it. So Council moving on to a different issue here, and that is the sufficiency. The 2615 of the pleading with respect to this implied warranty of merchantability and counts one, two and three. You contend that you did sufficiently plead that the defendant breached this implied warranty of merchantability under the UCC because you alleged that the vehicle wasn't fit for the purpose, ordinary purpose that an automobile was. But you do not allege any mechanical defect with this vehicle. What? Instead, you allege the manufacturer's buyback status of the title here. What authority are you relying on to support your claim that a non mechanical defect can render a vehicle on merchantable? Yep. If I may correct. If I may correct what you said, count three is actually a revocation of acceptance. It has nothing to do with implied warranties. But you are correct. That counts one and two. My authority. You know, I wrap myself in the flag and in the code. It's right there in the code. If you look at Section 314 of Article two, there is a non exclusive listing of things that make things unmerchantable. One of them, which I thought was always kind of ridiculous, is if it's not proper packaging. I haven't encountered a case which involved improper packaging, but it's right in the statute that if you have improper packaging, the goods become not merchantable. Now, clearly, improper packaging, whatever that is, has nothing to do with mechanical things. It's packaging. My authority, of course, is the first of the six prongs which describe what non merchantable is. And that is not passing without objection in the trade under the contract description. The contract description doesn't have doesn't mention anything funny about the title. We do know. I plead that not merely ultimate facts. I plead that evidentiary facts. We do not. We do know it does not pass without objection in the trade because the guy could not insure it. And when he tried to trade it in, he was told, go away. We don't want it. Doesn't pass. No specifics. Excuse me, counsel. We don't know specifics of that with regard to the insurance. We know he tried with two insurance companies and couldn't, he says, get insurance. But we don't know if ultimately he did get insurance. Oh, well, it's not in the complaint. But I can tell you, Your Honor, he did not. Because they are funny insurance companies. They're very risk averse. Once they see something funny about the history of the car, they get cold feet and don't want to do anything about it. And that is why, by the way, Your Honor, that is why he attempted to ultimately get rid of the car.  Failed on that count as well, because they saw the history of the car. It's like having a criminal history. It follows you throughout. So that was the course of events after he realized he can't drive the car. By the way, not driving the car also is a breach of implied warrants of merchantability. It's not fit for purposes. But that's the third prong. The main prong, of course, is not passing without objection in a trade under the counter description. And we have objections up here. Mr. Fyodorov, you're out of time. Justice Zinov, do you have any other follow-up questions? Not at this time, Justice Harris. Okay. Justice Vansell? I do have a question, but I will ask about it in his rebuttal time. I offer a piano concert instead, but if you prefer to ask questions, that's fine. Mr. Fyodorov, you'll have time in rebuttal. Thank you very much. Mr. Hoffman, you may proceed with your argument. Thank you, Your Honor. Thank you. May it please the court. Opposing counsel? Again, my name is Nicholas Hoffman of Brooks Law Firm on behalf of FLE defendant, Juniors Auto Mart. I'd like to start with the issue of the limitations period. This pertains to plaintiffs' counts 1, 2, and 3 concerning the UCC implied warranty of merchantability. For clarity, I filed a combined 615 and 619 motion to dismiss. The limitations period issue is brought under 619. We have to start this analysis with the UCC Section 2-314, but the only part for our purposes that really matters is just the first phrase. Of 314, it says, unless excluded or modified by Section 2-316. Now, if you look at Section 316, that broadly allows for the disclaimer of implied warranties of merchantability. Now, specific to this- Counsel, excuse me. Good morning. Sorry for interrupting. So how do you respond to opposing counsel's argument that here the main point is now that he's making is the warranties were not disclaimed? And also, if you could comment on his opposing counsel's comment that the second district got it wrong when they analyzed the wording may with respect to the warranties that existed. In Martinez. Yes, your honor. I think the record is clear that we did disclaim the warranties. I would refer you to the bill of sale is located at the common law record page 138 and 139. We say that in explicit terms, and I believe it's bolded and quite large type that we make no warranties express or applied. There will be no implied warranties of merchantability of fitness for particular purposes. And that's in the bill of sale. That was what the plaintiff had. So I think clearly we did disclaim. Now, what the council seems to be saying is that the, that the language I've read to you is not valid because of this other document, the buyer's guide, which has a provision about implied warranties, plural acknowledge that's there. But then that same document also says that state laws may provide you with warranties. Now, I'm sure you've read lamb, right? And, you know, that it's a unpublished opinion. And I believe that this Martinez versus prestige imports case is directly on point. Factually, as far as the language at issue in that case is identical to this case, I believe, and the same box was checked on the same standardized form. I believe that the Martinez case is entirely correct and how it uses the word may that may is permissive and not mandatory. That if the buyer's guide says there may be implied warranties under state law, that does not guarantee implied warranties under state law. And then when the bill of sale expressly and explicitly disclaims the warranties as allowed by the UCC, I think that is binding. And while I'm discussing Martinez, I should also add to the fact that. Something that the Martinez court did not consider is that the Lambert case does render Illinois statutes, several of them to be a dead letter. That, as I've said, the UCC 314 and 316 expressly allow for the disclaimer of the implied warranty of merchantability under the UCC. But if we follow Lambert, then there's no way to disclaim that statute. There is no situation in which a UCC disclaimer would be effective. So that statute 314 and 316 would be effectively dead letter. And I think that's an impermissible way to interpret these rules. I should also highlight that the buyer's guide language is not just bad drafting by my client. It is federally mandated language. It comes from the Federal Trade Commission. It is 16 CFR section 455.2. The implied warranties language, including the phrase, you know, may exist under state law, is required by federal law. Now, the only thing that is not disclaimable as far as an implied warranty of merchantability is actually the separate statute of the Illinois Consumer Fraud and Deceptive Practices Act. This is 505 slash 2L as in Leroy. Now, that, of course, is the powertrain warranty. Now, we don't actually have a powertrain issue in this case. A powertrain issue is, of course, a mechanical issue. Here, the only thing cited by the plaintiff is this title designation on a previous title. The powertrain warranty is only valid for 15 days or 500 miles, whichever is less. And there's also a two-day notice period. So, at the most generous, plaintiff had 17 days to raise any issues. Now, the facts in this case are that he purchased the vehicle in August of 2021. His attorney, through a letter, first raised an issue 10 months later in June of 2022. That, of course, 10-month period does not satisfy the 17-day period. Mr. Huffman, if I can add, this is kind of the question I wanted to ask Mr. Feofanoff. In his count three, he alleges substantial impairment of the car's value. The trial court lumped counts one, two, and three all together as breach of implied warranty. But I think I heard Mr. Feofanoff say today that that's a separate distinct count. And as I looked at it, he's bringing that under 2-608 and 27111 of the UCC. How do you address that if it's not part of the breach of implied warranty claims? Well, Your Honor, I do believe that the circuit court got this correct. My understanding of a plaintiff's second amended complaint is that even count three explicitly cites section 314 of the UCC, the implied warranty of merchantability. Now that, even though it is a 608 claim, the nonconformity that the plaintiff appears to cite, the only nonconformity, is the exact same implied warranty of merchantability that applies to counts one and two. So if plaintiff is going to cite that as the nonconformity, then I think the analysis is the same, that if that implied warranty of merchantability is not valid because time has expired for one reason, then count three has to be dismissed as well. And with that, I will turn to some alternative arguments for dismissing counts one, two, and three as legally insufficient. So before you get to that, one final question with regard to counts one through three. If this court should determine that they were and are time barred, is there any reason for us to go ahead and consider whether the sufficiency of plaintiffs pleading with respect to the breach of implied warranty of merchantability, would there be any reason for us to do that? If you can conclude that counts one, two, and three are time barred, I don't see any reason why you would need to get to the substance of this issue. Yeah, I think once it's time barred, that ends the analysis. There's no other sort of secondary issues raised there. So I think that the timing issue could just be the hook that you hang this case on. OK, thank you. Returning to alternative arguments for dismissing one, two, and three. Even if we were to assume that the implied warranty of merchantability under 314 did apply, we assume that even for sake of argument, the plaintiff's complaint, I think, still would fail precisely because the UCC is concerned only with mechanical defects in goods. I'm not aware of any case where this previous title designation that indirectly, allegedly harms the plaintiff by making insurance and trade in value more difficult. I'm not aware of any case similar to that. Does the fact that plaintiff could not apparently legally drive this vehicle on public roads play into this merchantability question in any way? I believe the answer is no. Under 314, there are a couple of different standards of merchantability. One of these standards is fit for the ordinary purposes for which such goods are used. Now, the case law I've provided to this court, when it addresses the merchantability of a vehicle, it specifically looks at the ordinary purpose of driving. Now, I think that's a fairly narrow way of looking at the case, that effectively, as long as you put the key in the ignition, it turns on, and it can physically move, I think the cases support the idea that that does satisfy the ordinary purpose of driving. And I specifically cite the Pearson versus Daimler-Chrysler case, which specifically says fitness for the ordinary purpose of driving implies that it should be in safe condition, substantially free of defects. And I think that means physical defects in the vehicle. Now, the other standard under 314 is pass without objection in the trade under the contract description. Frankly, there's less case law on this standard, but I was able to provide you with one case from outside Illinois. This was the Keegan versus American Honda Motor Company case. It comes from the Central District of California, 2012. And that case did find that, much like the previous standard, the pass without objection standard is satisfied if the vehicle was fit for driving. And I also want to emphasize that the standard is pass without objection under the contract description. Well, let's look at the contract in this case. Now, my client received this vehicle with an Illinois title, and the Illinois title said nothing about the previous Iowa title. It said nothing about the previous Iowa Lemon Law buyback. So my client received this particular title. And when it sold this vehicle to the plaintiff, it sold exactly what it had. And my client did not make any representations regarding ability to obtain insurance, did not make any representations regarding ability to get a trade in. My client did not guarantee that the title was good or clean in terms of, you know, previous designations of any sort of Lemon Law buyback. Of course, my client did actually transfer ownership to the plaintiff. But if you're asking, did this vehicle satisfy the contract description, I think my client did satisfy everything that the contract actually requires of them. But weren't they, they were not obligated to impart the knowledge that they, that opposing counsel alleges they had with respect to the status of the title? Well, first off, of course, that is a factual dispute. My client's produced an affidavit that he never was aware of this previous Iowa title until after he saw plaintiff's counsel's letter. I believe plaintiff's counsel, his entire basis for asserting that my client had knowledge, was that after plaintiff's counsel sent a letter, previous defense counsel sent a letter back accusing the plaintiff of having actual knowledge. And so the plaintiff is attempting to sort of twist words and say, well, you accused us of having actual knowledge, therefore you had actual knowledge. That's just not logical, and I don't think it's properly sort of, it's not a proper fact to be asserted, or it's not a proper evidence to support that fact. But even if we assume that my client did have actual knowledge, I don't think they were obligated to disclose that knowledge. I mean, for one thing, what the plaintiff is relying on specifically is a document that was a title application form that was to be submitted to the Illinois Secretary of State. Now, what that document said was, you know, other branded title, state, and then a blank. We did not check any box there. We did not fill in anything. We, of course, allege that we did not know. But an issue I'd like to hit is that, as that form said, it was about branded title. Well, branded title under Illinois law has a specific meaning. What it means, and you can get this in the Illinois Motor Code 3-104.5, is that branded title means it is the equivalent of a junk vehicle. And that same statute defines a junk vehicle to be anything that is disassembled, crushed, compressed, flattened, basically rendered entirely inoperable. Now, branded title is quite different from a Lemon Law buyback. A Lemon Law buyback just means that a car had some issues that under Iowa law, apparently, the manufacturer was required to take the car back and to repair the car before placing it back into the stream of commerce. Well, those types of conditions that can be fixed and the car can be put back into the stream of commerce are quite different from any sort of, like, rendering of the vehicle as inoperable. So you have a disconnect of the phrase branded title in the Secretary of State form and the Lemon Law designation in the Iowa title. Those are two different things. And even if we were required to complete that branded title issue on the Secretary of State website, I don't think we violated it because we were not required to disclose in Iowa Lemon Law. Turning specifically to count three, this is the 608 attempt by the plaintiff to revoke or cancel the contract. As an alternative grounds for dismissing this claim, I just want to highlight that 608 requires a few things. Number one, it requires there to be nonconformity in the contract. Number two, it requires a cancellation to be done within a reasonable time. I believe that the vehicle in this case was conforming. As I've already said, the UCC is only interested in mechanical issues, not in this title designation. I won't repeat that argument entirely, but I do want to highlight the case of Boyd versus Steve's Key City Auto, which is cited in the briefing. That discussed whether a car that is sold as is could possibly fail to conform to the contract. And what the court found is no, that if a car is sold as is, as long as it is a car, it conforms with the contract, because the only thing that was actually sold was an as is car with no sorts of representations. And again, in this case, what we actually sold was we sold a car that was disclaimed all the warranties to the maximum extent allowed by Illinois law. And again, my client did not agree or guarantee just any sort of representation that the past title designations were in any way clean. And secondly, I believe the plaintiff failed to provide reasonable notice under 608. As I've said, the records proves that the plaintiff's counsel sent his first letter attempting to revoke the sale about 10 months after the sale itself. The complaint also establishes that there was a gap in two months between the plaintiff actually learning of the defect, allegedly, and attempting to revoke the contract. I believe that that two-month gap should be deemed unreasonable. Mr. Huffman, is there any cases that describe what the reasonable time limits are? The only thing that I'm aware of today, there is a case called Barrett v. Bryan Bemis Auto World, 408 Federal Supplement 2nd, 539. That's from the Northern District of Illinois, 2005. It was decided on a summary judgment basis, which I know is different from a motion for summary judgment, but still decided as a matter of law. I don't have the exact facts in front of me, but I believe there was a gap of about seven months, and also the fact that the plaintiff continued to use the vehicle was a relevant fact. But I think it can be decided as a matter of law. And that is my time, so unless there are any other questions, thank you, Your Honor. All right, Mr. Huffman, I don't see any other questions. Mr. Ziafanov, rebuttal argument? Yes, let me start with the bill of sale and the disclaimer of implied warranties. I have it in my hand. It's appendix number 18. One, two, three, four, five paragraphs from the bottom. In huge letters, it says, no public liability insurance issued with this transaction. That is conspicuous. Right below that, in tiny little paragraph, in tiny little print, I had to take my glasses off. My eyes are going. I hit 25 recently. It says it attempts to disclaim implied warranties with whatever language it is. I didn't really analyze it. But a mere glance at that document indicates it's not conspicuous. And it is Article 2.101 that disclaimers, which are, by the way, not favored under Illinois law over land bond case, disclaimers must be conspicuous. This disclaimer is not conspicuous. So forgetting the statutory argument that we made before, for starters, it's not valid because it's not conspicuous. It doesn't exist. Now, with respect to the word may, which seems to be the pivotal point of that argument, even though I maintain it's completely irrelevant. The word may is permissive. It says if certain contingency occurs, you get implied warranties. Well, that contingency did occur. We have a statute in Illinois called the UCC, which provides for implied warranties. The contingency has occurred. The word may says you may have an implied warranty. You may indeed have implied warranty if there is a statute about that, and there is one. But it also – How would any individual know that unless the documents are checked or show that? The documents are checked and show that. There is a big checkmark that says next implied warranties only. Indeed, the documents show that, and it says plural. And implied warranties does not mean a warranty. But then go on to the systems part of it, as we indicated, that we have to read the whole thing together. Well, sure. The systems, it's by way of example. You may cover this, but we also know what implied warranties are. They do not talk about systems. 2L talks about systems. The general implied warranty UCC does not talk about systems. It has an entirely different analysis. It talks about fitness for ordinary purposes and the proper packaging, although that would not apply to contingency. So the standard is different, and analysis is different. I'm sorry, Johanna, you wanted to ask a question. Yes, Mr. Piafanov. It's regarding count three. So if count one and two are, let's assume for your argument that those are time barred. Does you allege in count three that there's substantial impairment, and that's a separate basis for revocation. Does that survive those being time barred? Well, I respectfully must argue with you about being time barred. Time barred means statute of limitations. Statute of limitations, even for 2L, is three years, not 15 days. That's the statute of limitations for the consumer product of which it is a part. But with respect to time, with respect to that issue, and with respect to counsel's argument and the reference to the Boyd case, yes, sometimes appellate courts don't get it right. Boyd, like Martinez, is one of those. I actually happen to know a different case. Boyd is an outlier. It's never cited for anything because it was so fundamentally wrong. However, the court, the case named Blankenship, which if memory serves, may have been the first district. I think it was. I'm not sure. I think it was. The case named Blankenship is cited throughout the country because that case got it right. The argument that as is means you can't have revocation of acceptance is also fundamentally flawed because in addition to implied warranties, we have things like warranty of description. So when there is a bill of sale that describes the goods sold as automobile and the car doesn't drive, it doesn't fit the warranty of description. Or if I have midlife crisis and I buy a red sports car and the car comes blue, it's a nonconformity. I'm entitled to revoke because it's not red. It doesn't fit the warranty of description. So a revocation of acceptance, substantial impairment may be for various nonconformities. The breach of implied warranty is a sufficient condition, but it is not a necessary one. And that is why in my complaint, I do mention the implied warranty is one of the grounds, but the other ground is in paragraph 39, subsection B, talks about substantial impairment of the car's value to plaintiff based on nonconformity described above, meaning branded title. Cancel, by the way, makes a very technical argument about the meaning of the branded title. But we're talking like what regular people are, how regular people talk. They don't make a distinction between a billed title or flat title. If there is a problem with the title, it's called branded title. That's just a colloquial way of saying that. And it talks about difficulty of discovery of nonconformity before acceptance and whether the plaintiff's face in the car is completely shaken, which is the principle of shaken face doctrine, also comes from overland bond. So, yes, you can disclaim, you can revoke for nonconformity. And, of course, the statute of limitations for that under the UCC section 725 is four years. This would be off and up. You are out of time. I'll ask the panel if there are any further questions. I don't have any. All right, thank you. Thank you, counsel, both. The court will take the matter under advisement and will issue a written decision.